UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRIGUEZ WHORTON,

       Petitioner,

                                CASE NO. 2:10-CV-13902
v.                                JUDGE LAWRENCE P. ZATKOFF
                                MAGISTRATE JUDGE PAUL J. KOMIVES

PAUL D. KLEE,

       Respondent.
                             /

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTIONS TO ENLARGE RESPONSE TIME (docket #25) and FOR RECONSIDERATION (docket #27)**

I.      RECOMMENDATION: The Court should grant petitioner's motions to enlarge response time and for reconsideration. Upon reconsideration, the Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.     REPORT:

A.     *Background*

Petitioner Rodriguez Whorton, a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* application for the writ of habeas corpus on September 30, 2010. Petitioner's application challenges his 2006 state court convictions for armed robbery, felon in possession of a firearm, stealing or retaining a financial transaction device without consent, resisting or obstructing a police officer, and two counts of possession of a firearm during the commission of a felony. Petitioner raised 12 claims for relief: (1) involuntary statement (Claim I); (2) improper admission of other acts evidence (Claim II); (3) insufficiency of the evidence (Claim III); (4) violation of the Double Jeopardy Clause (Claim V); (4) improper consideration of unadmitted evidence (Claim VI); (5) improper scoring of the sentencing guidelines (Claim VIII);

(6) improper jury instructions (Claim X); (7) denial of equal protection at sentencing (Claim XII); and (7) various claims of ineffective assistance of counsel (Claims IV and VII-XI).

On October 26, 2012, I entered a Report and Recommendation addressing petitioner's application.  In that Report, I recommended that the Court deny petitioner's application.  Specifically, I recommended that the Court conclude that petitioner's fourth, fifth, and sixth claims are barred by his procedural default in the state courts, and that petitioner cannot overcome his default because he cannot show cause for the default or prejudice by application of the procedural bar because the claims are without merit.  I also recommended that the Court conclude that petitioner cannot show a fundamental miscarriage of justice so as to allow consideration of his procedurally defaulted claims.  With respect to the remaining claims, I recommended that the Court conclude that each of the claims is without merit.  Finally, I recommended that the Court deny petitioner a certificate of appealability.  On November 16, 2012, petitioner filed a motion to enlarge response time, seeking an additional 30 days in which to file objections to my Report and Recommendation.  Meanwhile, on November 19, the Court entered an Order adopting my Report and Recommendation, denying the petition, and denying a certificate of appealability.  Petitioner filed his objections on November 26, and on December 6 he filed a motion for reconsideration pursuant to FED. R. CIV. P. 59.  On May 22, 2013, the Court referred petitioner's motions to enlarge response time and for reconsideration for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  Because petitioner seeks reconsideration of an Order entered by the Court, I respectfully submit this Report and Recommendation in lieu of a determination of the matter.  For the reasons that follow, the Court should grant petitioner's motions to enlarge response time and for reconsideration.  Upon reconsideration, the Court should deny the petition and a certificate of appealability for the reasons

set forth in my prior Report and Recommendation.

B.    *Analysis*

A party seeking to file objections to a magistrate judge's report and recommendation may do so within 14 days of service of a copy of the report.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2).  This period, however, is subject to extension in accordance with Rule 6(b) of the Federal Rules of Civil Procedure.  *See McCarty v. Thaler*, 376 Fed. Appx. 442, 443 (5th Cir. 2010); *Dupage v. Hackel*, No. 10-cv-10868, 2011 WL 3880495, at *3 (E.D. Mich. Aug. 31, 2011) (Goldsmith, J.); *Dowell-El v. Howes*, No. 2:08-cv-11723, 2010 WL 2428656, at *1 (E.D. Mich. June 14, 2010) (Steeh, J.).  Rule 6(b) provides, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" FED. R. CIV. P. 6(b)(1)(A).  If the motion is made after the time period has elapsed, the moving party must also show excusable neglect.  *See* FED. R. CIV. P. 6(b)(1)(B).  Here, petitioner's motion for extension of time was filed within the 14 day period for filing objections, and thus he needed to show only good cause for an extension of time.[1]  In his motion, petitioner seeks an extension of time based on

---

[1] Although my R&R was filed on October 26, 2010, petitioner has attached to his motion to alter the judgment a copy of the envelope in which the R&R was sent.  This envelope bears a postmark of October 31, 2012.  Thus, the 14 day period commenced on the following day, November 1.  *See* FED. R. CIV. P. 6(a)(1)(a).  The last day of the period was therefore November 14.  However, because service of the R&R on petitioner was effected by mail, three additional days were added to the end of this period.  *See* FED. R. CIV. P. 6(d).  Thus, the last day of the period was November 17.  Petitioner's motion for extension of time was filed on November 16, and thus was timely.  Further, it was timely even if he is not afforded an additional three days under Rule 6(d).  The certificate of service attached to the motion indicates that it was given to prison officials for mailing on November 12, and the envelope in which the motion was sent is postmarked November 14.  The prison mailbox rule, under which a *pro se* inmates filing is deemed to be "filed" on the date it is given to prison officials for mailing, applies to motions seeking an extension of time in which to file objections.  *See Scuba v. Brigano*, 527 F.3d 479, 484 (6th Cir. 2007); *Price v. Philpot*, 420 F.3d 1158, 1164 n.4 (10th Cir. 2005).  Thus, petitioner's motion for enlargement of time was filed within the time for filing objections to the R&R.

his *pro se* status and his need to secure legal assistance in the prison to which he was recently transferred. These bases constitute good cause for an extension of time. *See Lazarov v. Kimmel*, No. 10-cv-01238, 2011 WL 165180, at *4 (D. Colo. Jan. 18, 2011); *Moreland v. Roscko*, No. 2:03-CV-0010, 2003 WL 21434286, at *1 (N.D. Tex. May 9, 2003); *cf. Wheeler v. Simonton*, No. 2:10cv37, 2010 WL 4647232, at *7 (N.D. W. Va. Sept. 2, 2010).

Federal Rule of Civil Procedure 59(e) provides for a motion to alter or amend a judgment. A court may alter or amend a judgment based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (citations and quotation marks omitted).[2] A district court may not adopt a magistrate judge's report and recommendation without considering any timely filed objections and conducting a *de novo* review of those portions to which an objection has been filed; indeed, doing so constitutes an error not subject to harmless error review. *See Thompson v. Chandler*, 36 Fed. Appx. 783, 785 (6th Cir. 2002). It follows that it would be manifestly unjust for a court to adopt a magistrate judge's recommendation without ruling on a pending, timely filed motion for an enlargement of time in which to file objections. Accordingly, the Court should conclude that petitioner is entitled to reconsideration under Rule 59(e).

However, upon reconsideration in light of petitioner's objections, the Court should deny petitioner's habeas application and should deny a certificate of appealability, for the reasons stated in my initial R&R. Petitioner's objections reassert the arguments made in support of his habeas

---

[2] A motion to alter or amend under Rule 59(e) must be brought within 28 days of the judgment. *See* FED. R. CIV. P. 59(e). Here, the Court entered its Order adopting the R&R on November 19, 2012, and plaintiff filed his Rule 59(e) motion on December 6, within 28 days of the Court's Order.

application in his initial and reply briefs, but offer nothing new that changes my analysis of his claims. Thus, for the reasons explained in my prior R&R, I adhere to the view that the Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

C.  *Conclusion*

In view of the foregoing, the Court should grant petitioner's motion for extension of time to file objections and should grant petitioner's motion to alter or amend the judgment. Upon reconsideration of the R&R in light of petitioner's objections, the Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability, for the reasons explained in my previous R&R. If the Court accepts these recommendations, the Court should enter a new judgment denying the petition.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: July 9, 2013

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Rodriguez Whorton and Counsel of Record on this date.

Dated: July 9, 2013          s/ Lisa C. Bartlett
                             Case Manager